IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CASEY M. PRICE<br>*Plaintiff*,<br><br>vs.<br><br>HARRIS COUNTY, TEXAS and<br>HONORABLE CAROLYN MARKS<br>JOHNSON<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. H-09-1966<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS HARRIS COUNTY, TEXAS AND THE HONORABLE CAROLYN MARKS JOHNSON MOTION TO DISMISS**

Defendants Harris County, Texas and the Honorable Carolyn Marks Johnson, individually and in her official capacity as Judge, Harris County Criminal Court at Law No. 14 (Visiting on Assignment) file their Motion to Dismiss as authorized by Federal Rules of Civil Procedure 12(b) 6 and 12(h)(2) and would respectfully show this Court as follows:

**FACTS**

As stated in Section III of Plaintiff's Original Complaint, the Plaintiff Casey Price was a defendant in *State of Texas v. Casey Michelle Price*, cause number 1503045, Harris County Criminal Court at Law Number 14, Harris County, Texas in which she had been charged with driving while intoxicated. The Honorable Carolyn Marks Johnson was sitting as a visiting judge in place of the presiding judge of the Court, the Honorable Michael Fields. Mr. Paul LaValle was Ms. Price's criminal defense attorney and is also the Plaintiff's attorney in this lawsuit.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff has filed this lawsuit against Harris County, Texas and Judge Johnson. The essence of the Plaintiff's complaint is that Judge Johnson had no authority to "detain" and order her to take a urinalysis to test for drugs after the jury acquitted her   The Plaintiff states that Harris County is liable to the Plaintiff for alleged injuries because "…Defendant Harris County breached its legal duty by not protecting the Plaintiff from the actions of the Honorable Carolyn Marks Johnson" (page eight, Plaintiff's Original Complaint).

As will be discussed below, the various causes of action should be dismissed against Judge Johnson because of absolute judicial immunity. The causes of action against Harris County should be dismissed because Judge Johnson was not an employee or policy maker for the County, nor do the various allegations against the County come within a waiver of sovereign immunity.

## ABSOLUTE JUDICIAL IMMUNITY

Judges have broad common-law immunity from tort claims. *Baker v. Story*, 621 S.W.2d 639, 644 (Tex. Civ. App.-San Antonio 1981, writ ref. n.r.e). This immunity also extends to constitutional and civil rights claims. *Hawkins v. Walvoord*, 25 S.W.3d 882, 891 (Tex. App.-El Paso 2000, pet. denied).   All judges have this protection through the doctrine of judicial immunity. *Skelton v. Camp*, 234 F.3d 292, 296 n. 2 (5th Cir. 2000).  It provides **absolute immunity** from suit as well as liability. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The reason for judicial immunity is the belief that judicial officers should be free to act on their own convictions without fear of personal lawsuits against them. *Bradley v. Fisher*, 80 U. S. 335, 347 (1871).

In determining whether a judge is entitled to absolute judicial immunity, a court considers the following factors:

1. the act is one normally performed by a judge;

2. the act occurred in the courtroom or an appropriate adjunct, such as the judge's chamber;

3. the controversy centered around a case pending before the judge;

4. the act arose out of a visit to the judge, in his or her judicial capacity.

See *Bradt v. West*, 892 SW.2d 56, 67 (Tex. App. – Houston [1st Dist] 1994, writ denied); *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *Adams v. McIlhany*, 764 F.2d 294,297 (5th Cir. 1985), cert. denied, 474 U.S. 1101, 106 S.Ct.883 (1986).

Not all of the factors must be met for immunity to exist. *Malina*, 994 F.2d at 1124. Judicial immunity may exist if **any** of the factors are present. *Bradt,* 892 S.W.2d at 67; *Adams*, 764 F.2d at 297 n.2. Nor are the factors to be given equal weight in all cases; rather they should be weighted according to the facts of the particular case. *Id*. at 297. In all circumstances however, ***these factors should be broadly construed in favor of immunity***. *Malina*, 994 F2d at 1124; *Adams*, 764 F.2d at 297. At least one, if not all of the four factor enumerated above are present in this situation so as to entitle Judge Johnson to absolute judicial immunity.

Under this immunity, a judicial officer is not liable for torts committed when acting in the course of a judicial proceeding over which he or she has subject matter jurisdiction or in which he or she has colorable jurisdiction over the person of the complainant, *even if acting in bad faith or with malice*. *Twilligear v. Carrell*, 148 S.W.3d 502, 504-505 (Tex. App.-Houston [14th Dist.] 2004, pet. denied); *Morris v. Nowotny*, 373 S.W.2d 301, 304 (Tex. Civ. App.-Austin 1959, writ ref. n.r.e.).

The Plaintiff has argued that Judge Johnson lacked jurisdiction to order her to take a urinalysis test because she had been acquitted of the criminal charges brought against her. A

court of course has authority to order a person to take a urinalysis. See *Grady v. State*, 962 S.W.2d 128 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd.) and *In re M.B.*, No. 12-04-00350-CV, 2005 WL 3201071 (Tex. App. –Tyler Nov. 30, 2005, no pet.).

In addition, a trial court does not necessarily lose jurisdiction over a criminal case if the defendant has been acquitted. In *Curry v. Wilson*, 853 S.W.2d 40 (Tex. Crim. App. 1993) the trial court had appointed an attorney to represent the criminal defendant, Curry, because he had told the court that he lacked funds to pay for an attorney. At the conclusion of his trial the jury acquitted the defendant. Subsequently however, the court discovered that the defendant actually had money to pay for his attorney and ordered him to repay Tarrant County for its expenses in paying for his defense attorney.

The defendant then filed a lawsuit against the trial judge seeking a writ of prohibition to prohibit the court from enforcing its order to repay Tarrant County. The defendant based its claim on the same argument that Price has made in this case. Curry argued that the trial court had no authority to enter an order because the court lost its jurisdiction when the acquittal was entered. The Court of Appeals disagreed with Curry's argument and held that the trial court had authority to force the defendant to repay Tarrant County even though he had previously been acquitted. The Court held that a court has jurisdiction over a criminal law matter until all issues connected to the case are resolved. The Court stated as follows:

> *It follows that although a court may have ultimately decided the merits of a party's claim, it does not lose it's general jurisdiction to act until all of the issues which arise as a result of the initial action have been resolved…Our decision holds that a trial court has not lost jurisdiction over a criminal law matter until all of the issues, herein the repayment of county funds employed to secure counsel for appellant, attendant to that criminal law matter are resolved.* Id at 44-45.

A court may also make a determination of contempt and impose a sanction after the case in which the contempt arose has been terminated. *Cooter & Gell v. Hartmarx Corp*., 496 U.S.

384, 110 S. Ct. 2447, 2455, 110 L.Ed. 2d 359 (1990). Therefore, the fact that a person has been acquitted does not mean that a court's jurisdiction has ended.

## LACK OF JURISDICTION

Even assuming for sake of argument that Judge Johnson did not have jurisdiction over the Plaintiff, that fact would not mean that she would not be entitled to absolute judicial immunity. If this fact were true, each time an appellate court determined that a trial judge did not have jurisdiction over a case, the judge could be sued. The Fifth Circuit has held that even when a state appellate court has overturned a judicial decision because the court did not have subject matter jurisdiction, the judicial officer still has judicial immunity. *Harry v. Lauderdale*, 212 Fed. Appx. 344 (5th Cir. 2007) stated as follows:

> *…the Mississippi Court of Appeals decision that Judge Springer acted without subject matter jurisdiction is not coterminous with the conclusion that she acted in "complete absence of all subject matter jurisdiction." If this were the case, each and every time a judge decided an issue where an appellate court later found subject matter jurisdiction lacking, that judge would have no judicial immunity. That proposition seems antithetical to the concerns underlying absolute judicial immunity, a doctrine meant to ensure that a "'judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"* Id at 347.

Similarly, in *Tedford v. McWhorter*, 373 S.W.2d 832 (Tex. Civ. App.-Eastland 1963, writ ref. n.r.e.) a justice of the peace issued an arrest warrant for a person who had been given a speeding ticket but failed to appear in court. It was later learned that the justice of the peace did not have jurisdiction to issue the warrant. When he was sued the court said that the justice of the peace still had colorable jurisdiction over the matter and that he was *"…immune from personal liability in a civil lawsuit even though his acts may have been in excess of his jurisdiction." Id*. at 837.

Most recently in *Kemp v. Perkins*, No. 08-60883, 2009 WL 1259024 (5th Circuit May 7, 2009) (not selected for publication), attached hereto as Exhibit 1, both a Mississippi Youth Court Judge and the special judge he had appointed to hear a case were sued. In this case the Youth Court Judge had recused himself and appointed a special judge to hear a criminal matter against the Plaintiff. The special judge then ordered the Plaintiff detained in jail. Subsequently the Mississippi Supreme Court ruled that the Youth Court Judge was without authority to appoint the special judge, that all orders entered by the special judge were vacated since he lacked authority to make them, and that the Plaintiff should be released. Upon release the Plaintiff filed a civil suit against the two judges. The Fifth Circuit held that even though the two judges were without authority to make the rulings that they did, they were still entitled to judicial immunity. The Court stated as follows:

> *Finding that the challenged actions by [the two judges] were judicial in nature and were not taken in the complete absence of subject-matter jurisdiction, we conclude that judicial immunity bars Appellants' suit against them*. Id at * 5

## NEGLIGENT HIRIING

Plaintiff's complaint against Harris County stems from her allegations that *"Defendant Harris County, Texas was negligent and/or deliberately indifferent in its hiring, training and supervision of all other Defendants to the extent that Plaintiff's rights were violated…"* (page 5, Plaintiff's Original Petition) and that *"Due to the negligent hiring by the Defendant Harris County, Texas, the Plaintiff was unnecessarily detained by the sheriff at the behest of the Honorable Carolyn Marks Johnson…"* (page 8, Plaintiff's Original Petition). Harris County is not liable for negligent hiring however. The Texas Supreme Court has held that any injury arising from negligent hiring or supervision does not constitute a waiver of immunity. *Texas Department of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). *El Paso Mental Health*

*and Mental Retardation Ctr. v. Crissman*, 241 S.W.3d 578, 582 (Tex. App. -El Paso 2007, no pet.) also held that negligent hiring and supervision did not fall within a waiver of immunity under the Texas Tort Claims Act. Since Harris County has no liability for negligent hiring and supervision, all these claims should be dismissed.

The Plaintiff has not stated how sovereign immunity has been waived for the state tort causes of action she is alleging against Harris County. Sovereign immunity bars suits against governmental entities unless it has been expressly waived. *University of Texas Medical Branch at Galveston v. York,* 871 S.W. 2d 175, 177 (Tex. 1994). A party suing a governmental entity has the burden of showing that sovereign immunity has been waived. *Texas Dept. of Transportation v. Jones*, 8 S.W. 3d 636 (Tex. 1999); *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W. 2d 440, 446 (Tex. 1993). The Plaintiff's petition fails to even mention the words sovereign immunity or the Texas Torts Claims Act, much less show how it has been waived.

In addition Tex. Civ. Prac. & Rem. Code Ann. 101.053 (Vernon 2005) (the Tort Claims Act) specifically states that immunity is not waived against a government entity for actions of a court. Section 101.053 states as follows:

(a) *This chapter does not apply to a claim based on an act or omission of a court of this state **or any member of a court of this state** acting in his official capacity or to a judicial function of a governmental unit. "Official capacity" means all duties of office and includes administrative decisions or actions*. (emphasis added).

Therefore under 101.053 the county has immunity from suit.

Since the Plaintiff has not shown how sovereign immunity has been waived, all state tort claims against Harris County should be dismissed.

## CIVIL RIGHTS ACTIONS AGAINST COUNTY

The Plaintiff has alleged various civil rights actions against Harris County based on the actions of Judge Johnson. However a county is not liable for the decisions of a judge. A judge acting in his or her judicial capacity to enforce state law does not act as a government entity's officer or lawmaker for purposes of determining the entity's liability under §1983. *Johnson v. Moore*, 958 F. 2d. 92, 94 (5th Cir. 1992). *Krueger v. Reimer*, 66 F. 3d 75, 76 (5th Cir. 1995) held that a local judge is not considered a government official whose actions are attributable to a county for purposes of civil rights liability. Most recently *Davis v. Tarrant County*, 565 F.3d 214 (5th Cir. 2009) held that Tarrant County was not liable for alleged civil rights violations based on the rulings of local judges. If Harris County were liable for an erroneous ruling of a judge in a county court, then, using the same logic, the State of Texas would also be liable for any erroneous rulings made by a state district court judge.

## RELIEF

Wherefore premises considered, Defendants the Honorable Carolyn Marks Johnson, individually and in her official capacity as Judge, Harris County Criminal Court at Law No. 14 (Visiting on Assignment), and Harris County, Texas request that their Motion to Dismiss be granted, that all claims of the Plaintiff Casey Price be dismissed with prejudice, and that all costs of Court be awarded to them.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL | **/S/ STEPHEN SMITH** |
|  | STEPHEN SMITH |
| VINCE RYAN | Assistant County Attorney |
| Harris County Attorney | Federal I.D. No. 22230 |
|  | State Bar No. 18684400 |
|  | 1019 Congress, 15th Floor |
|  | Houston, Texas 77002 |
|  | Telephone: (713) 755-7156 |
|  | Facsimile: (713) 755-8924 |
|  |  |
|  | ATTORNEY FOR DEFENDANTS |
|  | HARRIS COUNTY, TEXAS and THE |
|  | HONORABLE CAROLYN MARKS JOHNSON, |
|  | INDIVIDUALLY and in her OFFICIAL |
|  | CAPACITY as JUDGE, COUNTY CRIMINAL |
|  | COURT at LAW NO. 14 |

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2009, a true and correct copy of **DEFENDANTS HARRIS COUNTY, TEXAS AND THE HONORABLE CAROLYN MARKS JOHNSON, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS JUDGE, COUNTY CRIMINAL COURT AT LAW NO. 14 (VISITING ON ASSIGNMENT) MOTION TO DISMISS** was sent via electronic notice and/or facsimile and/or hand delivery and/or CMRRR to:

Paul H. LaValle
2501 Palmer Highway, Suite 112
P.O. Box 3073
Texas City, Texas 77592-3073
Facsimile: (409) 945-2310

　　　　　　　　　　　　　　　　　　　　**/S/ Stephen Smith**
　　　　　　　　　　　　　　　　　　　　Stephen Smith
　　　　　　　　　　　　　　　　　　　　Assistant County Attorney