IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY M. PRICE | § | United States Courts |
| | § | Southern District of Texas |
| v. | § | FILED |
| | § | AUG - 4 2009 |
| HARRIS COUNTY, TEXAS, | § | |
| THE HONORABLE CAROLYN | § | Clerk of Court |
| MARKS JOHNSON, Individually and in | § | |
| her Official Capacity as Judge, County | § | |
| Criminal Court at Law No. 14 | § | Civil Action No. H-09-1966 |
| (Visiting on Assignment) | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

Casey M. Price ("Plaintiff") files this response against the Defendants' Motion to Dismiss and shows the Court as follows:

**I. STATEMENT OF FACTS**

The Plaintiff was charged with Driving While Intoxicated in Cause No. 150,3045, styled as *State of Texas vs. Casey M. Price*, in the County Criminal Court at Law No. 14 of Harris County, Texas, before the Honorable Carolyn Marks Johnson ("Defendant Johnson"). The jury in this case ultimately acquitted the Plaintiff and pronounced her as "not guilty." The Plaintiff has brought the present complaint against Defendants for violation of 42 U.S.C.A. § 1983, intentional infliction of emotional distress, and negligent hiring. (*See* Pl.'s Original Compl.) Specifically, the Plaintiff alleges that Defendant Johnson illegally detained her and subjected her to a non-warranted urinalysis after the jury had rendered a not guilty verdict thereby acquitting her of all charges.

## II. ARGUMENTS AND AUTHORITIES

The Defendants, in their Motion to Dismiss, have purportedly alleged that the "causes of action of the Plaintiff should be dismissed against Judge Johnson because of absolute judicial immunity" and "[t]he causes of action against Harris County should be dismissed because Judge Johnson was not an employee or policy maker for the County," and more so, because the Defendants allegedly "come within a waiver of sovereign immunity."

### a. *Defendant Johnson is not protected under the doctrine of absolute judicial immunity.*

As a general rule of law, the doctrine of judicial immunity protects judges from "every action taken with regard to that function -whether good or bad, honest or dishonest, well-intentioned or not- is immune from suit." *B.K. v. Cox,* 116 S.W.3d 351, 359 (Tex. App.--Houston [14th Dist.] 2003, no pet). *See also* Pierson v. Ray, 386 U.S. 547, 547 (1967). Further, the doctrine of absolute judicial immunity does not extend to the actions taken by a judge in the clear absence of subject matter jurisdiction. However, at the same time, absolute judicial immunity "extends to all judicial acts unless such acts fall clearly outside the judge's subject-matter jurisdiction." *Garza v. Morales,* 923 S.W.2d 800, 802 (Tex. App.--Corpus Christi,1996); *see also Stump v. Sparkman,* 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978), *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961); *Bradt v. West,* 892 S.W.2d 56, 66 (Tex. App.--Houston [1st Dist.] 1994, writ denied); *Spencer v. City of Seagoville,* 700 S.W.2d 953, 957-58 (Tex. App.--Dallas 1985, no writ).

In *Stump*, the United States Supreme Court laid down relevant factors for the court to consider when determining what constitutes a "judicial" act. *Stump v. Sparkman,* 435 U.S. 349,

98 S. Ct. 1099, 1107, 55 L.Ed.2d 331, 362 (1978). The factors explained in *Stump* are reflected in *Bradt* and relied upon by the Defendants in their Motion to Dismiss. Relying on *Bradt*, the Defendants argue that the Defendant Johnson is entitled to absolute judicial immunity. However, the *Bradt* court outlined the following factors to be considered when determining absolute judicial immunity. These factors are: "(1) whether the act complained of is one normally performed by a judge, (2) whether the act occurred in the courtroom or an appropriate adjunct such as the judge's chambers, (3) whether the controversy centered around a case pending before the judge, and (4) whether the act arose out of a visit to the judge in his judicial capacity." *Bradt*, 892 S.W.2d at 67; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). The Defendants have conveniently limited their reliance on *Bradt*, miserably failing to appreciate the *Bradt* court's observation that "[i]n some circumstances" there can be immunity even though all the factors enunciated may not be met. *Bradt*, 892 S.W.2d at 67 (citing *Adams*, 764 F.2d at 297, n.2.). The *Bradt* court's observation that all facts need not "be given equal weight . . . rather, they should be weighted according to the facts of the particular case" was conveniently ignored by the Defendants. *Id.* S*ee also Adams*, 764 F.2d at 297, 298 (applying the first factor to analyze whether "the issuance of a 'show cause' order and citing for contempt are acts normally performed by a judge" to determine absolute judicial immunity); *Harris v. Francis*, 2000 WL 175588, No. 05-99-00866-CV, at *3 (Tex. App.--Dallas, Feb 16, 2000) (applying the first factor to analyze whether "granting of a request for a writ of attachment is an act normally performed by a judge" to determine absolute judicial immunity); *see also Erwin v. State*, 729 S.W.2d 709, 714 (Tex. Crim. App. 1987); *Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex. 1983); *In re Lane*,

3

972 S.W.2d 920, 921 (Tex. App.--Beaumont 1998, no pet.) (applying the first factor to analyze the judicial immunity similar to *Harris*).

Considering the factual circumstances of the foregoing authorities, the Court should apply the first factor in *Bradt* to determine whether Judge Johnson is entitled to absolute immunity because the alleged judicial action of Defendant Johnson in detaining and ordering the Plaintiff to undergo a urinalysis test after the jury's acquittal is the primary issue leading to this very litigation. Moreover, Defendant Johnson has failed to show any authority that her action is normally performed by judges in Texas, or in any other jurisdiction within the United States. There is no statute or case law in Texas that grants power to a judge to detain a plaintiff after a not guilty jury verdict has been passed. This clearly establishes the non-judiciality of Defendant Johnson's act and clearly bars Defendant Johnson from the protection given under the absolute immunity doctrine.

Further, *Curry v. Wilson,* as cited by the Defendants, is clearly distinguishable from the present case. In *Curry,* the acquitted defendant argued that the court had no jurisdiction to order him to re-pay legal fees because the moment the court entered a judgment of acquittal in his case, the court's jurisdiction was terminated. *Curry v. Wilson*, 853 S.W.2d 40, 44 (Tex. Crim. App. 1993). The *Curry* court held that the defendant was not entitled to relief because the court's order was derived from a provision provided by a statute. *Id.* The *Curry* court further observed that, "*the trial court will not have authority to determine the issues which are present in the indictment against the defendant/applicant because the jury had already returned a verdict of not guilty against the defendant.*" (Emphasis added). *Id* at 45. The only reason the *Curry* court allowed the post-verdict order was because it's decision was substantiated by the Code of

4

Criminal Procedure. In the present case, Defendant Johnson detained the Plaintiff after the jury rendered their not guilty verdict and acquitting the Plaintiff of all charges. Defendant Johnson had no authority, statutory or otherwise, to interfere with the jury's judgment and detain the Plaintiff. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 573, 97 S. Ct. 1349, 1355 (1977) (observing that "[a] trial judge is [] barred from attempting to override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused"). It is therefore clearly established that Defendant Johnson's acts of detaining the Plaintiff and subjecting her to a urinalysis are non-judicial and that Defendant Johnson is not entitled to absolute judicial immunity.

### *b. Defendant Harris County is liable to Plaintiff because of its official policies.*

Defendant Harris County attempts to dispose of Plaintiff's § 1983 claim by arguing that Defendant Johnson is not an official policymaker for Defendant Harris County. This argument fails to appreciate the true import of Plaintiff's allegations.

First, Plaintiff's Complaint is not alleging that Judge Johnson's actions, alone, violated Plaintiff's constitutional rights. Rather, Plaintiff alleges that several court officials, including the prosecutor, the sheriff, and the court's staff all allowed this constitutional violation to occur because of a failure to adequately train and supervise and because of deficient policies and procedures in Harris County to address such violations. (*See* Complaint 4-5.) A closer reading of the Complaint renders Defendants' arguments as to Harris County's liability completely irrelevant.

Notwithstanding the foregoing, the case law actually supports Plaintiff, not Defendants. Plaintiff's pleadings are, therefore, sufficient to survive an attack under Rule 12(b)(6).

5

Defendants cite several cases in support of their argument, namely, *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992), *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995), and *Davis v. Tarrant County*, 565 F.3d 214 (5th Cir. 2009). *Johnson* and *Davis* are distinguishable, however, in that the judges involved were solely responsible for the unconstitutional conduct. *See Johnson*, 958 F.2d at 93-94 (noting that the judge denied the plaintiff right to counsel and that plaintiff alleged that the judge was the ultimate policymaker for the governmental entity); *Davis*, 565 F.3d at 216-17 (involving state district judges denying an attorney's application to be included in court appointments). In the present case, several state actors were responsible including the judge, the sheriff's office, and the court staff.

Defendants' reliance on *Krueger* is also misplaced. In *Krueger,* the court held that the judge and prosecutor were immune because they were acting in their official capacities and that the county was not liable because a "local judge acting in his or her *judicial capacity* is not considered a local government official whose acts are attributable to the county." *Krueger*, 66 F.3d at 76-77 (emphasis added). The present case is very different. The state actors involved in violating Plaintiff's constitutional rights were acting under color of state law but were not acting within the confines of their authority because Plaintiff was declared innocent by a jury. She was legally free to leave the courthouse but was unlawfully detained, in contravention of her constitutional rights. Judge Johnson was not acting in her judicial capacity. She abused her authority and was supported by several other state actors when doing so.

Plaintiff has found case law that is more factually applicable to this case. In *Ambrose v. City of New York,* the plaintiff alleged that the municipal defendant had failed to adequately train and supervise its law enforcement personnel as to interview techniques and exculpatory evidence. *Ambrose v. City of New York,* Case No. 02-CV-10200 (KMK), 2009 WL 890106 at *1

6

(S.D.N.Y. March 31, 2009). Such pleading was held to be sufficient under Rule 12(b)(6). *Id.* at *20-21. Although *Ambrose* is not a case from within the Fifth Circuit, it serves to remind the Defendants that the key inquiry at this stage is whether Plaintiff has sufficiently pleaded a case against Defendant Harris County. Plaintiff has specifically alleged that the county's policies and procedures failed to prevent the conduct that gave rise to violations of Plaintiff's constitutional rights. (Complaint 5.) Hence, Defendants have failed to make a successful argument under Rule 12(b)(6) as to Plaintiff's § 1983 claim against Defendant Harris County.

Alternatively, even if the Court determines that more specific pleading is required, Plaintiff requests that the Court grant Plaintiff leave to amend her Complaint within 30 days after any such order by the Court.

  c.  ***Defendants' negligent hiring arguments fail to take federal law into account.***

Defendants attempt to confuse the issues when they argue that Plaintiff's negligent hiring claim fails under Rule 12(b)(6). Defendants premise their arguments under the Texas Tort Claims Act. What Defendants fail to recognize, however, is that a federal basis exists by which Defendant Harris County can be held liable. *See Monell v. Dept. of Social Svcs.,* 436 U.S. 658, 98 S.Ct. 2018 (1978). *Monell* recognizes a claim against a local government if that local government's "custom" caused a plaintiff's constitutional violations. *Id.* at 690-91, 98 S.Ct. at 2035-36. In *Ambrose,* the court denied a motion to dismiss where the plaintiff had alleged that the municipality engaged in negligent hiring and supervision and, thereby, violated *Monell. Ambrose,* 2009 WL 890106 at *19-21. In the present case, the Plaintiff has alleged that Defendant Harris County's "policies and procedures" – i.e., customs – caused the state actors at issue to be completely unprepared to protect Plaintiff's constitutional rights. The Texas Tort

Claims Act in inapplicable. Federal law still holds Defendant Harris County accountable for its failures.

Alternatively, even if the Court determines that more specific pleading is required, Plaintiff requests that the Court grant Plaintiff leave to amend her Complaint within 30 days after any such order by the Court.

### III. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays that the Defendants Motion to Dismiss be DENIED.

**Respectfully submitted,**

**LAW OFFICES OF PAUL HOUSTON LAVALLE & ASSOCIATES, P.C.**

*/s/ PHL*

Paul H. LaValle
S. B. O. T. # 11998625
2501 Palmer Hwy., Ste. # 112
P.O. Box 3073
Texas City, Texas 77592-3073
Telephone No. (409) 945-3314
Facsimile No.  (409) 945-2310
E-Mail: paul@lavalle-law.com

**ATTORNEY FOR PLAINTIFF**

**CASEY M. PRICE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 4, 2009.

Respectfully submitted,

*/s/ Paul H. LaValle*

Paul H. LaValle
Attorney for Plaintiff