UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY M. PRICE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-1966 |
| | § | |
| HARRIS COUNTY, *et al*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Casey M. Price alleges that the Honorable Carolyn Marks Johnson and Harris County, Texas violated her constitutional rights and committed various state law torts during and after plaintiff's criminal trial. Defendants Harris County, Texas and the Honorable Carolyn Marks Johnson have filed a motion to dismiss (Dkt. 7). After reviewing the pleadings, the motion, the response, and the applicable law, the court concludes that this lawsuit should be dismissed.

**I. BACKGROUND**

In June, 2008, plaintiff was a criminal defendant in Harris County Criminal Court at Law No. 14. A trial was held in plaintiff's case on one count of driving while intoxicated. Plaintiff was ultimately acquitted by a jury. Plaintiff alleges that while the jury was deliberating, Judge Johnson began opining regarding the need to "punish" Price for her actions. Judge Johnson was also discussing possible punishments with counsel, and while the jury continued deliberating, Judge Johnson imposed a bond condition on plaintiff, ordering her to be detained by the courtroom bailiffs while she underwent a drug test. Judge Johnson stated that the results of the drug test would be

1

made available to the jury. Plaintiff was detained, and during her detention, the jury returned a "not guilty" verdict. Even after her acquittal, plaintiff remained in the custody of pre-trial services personnel for several hours until her drug test was completed. Plaintiff was released around 6:30 that evening.

Plaintiff alleges that Judge Johnson's imposition of the bond condition was both tortious and unconstitutional. She has sued Judge Johnson and Harris County for alleged damages. Judge Johnson has moved to dismiss the claims against her on the basis of judicial immunity, and the County has moved to dismiss the claims against it on the basis of sovereign immunity and failure to state a § 1983 claim.

## II. ANALYSIS

### A. Claims Against Judge Johnson

Plaintiff's claims against the state trial judge are barred by judicial immunity. A judge generally has absolute immunity from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Judicial immunity is an immunity from suit, not just the ultimate assessment of damages. *Id*. at 11. There are only two circumstances under which judicial immunity may be overcome. First, a judge is not immune from liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity. *Id.* Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of jurisdiction. *Id.* Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

In determining whether a judge's actions were "judicial in nature," courts consider four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether

the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are to be broadly construed in favor of immunity. *Id.* All four factors are met in this case. Ordering defendants to undergo drug screening is a normal judicial function. The judge's actions occurred in the courtroom, even though the drug testing occurred elsewhere in the courthouse. The judge's order was directly related to the pending criminal case, and Price was visiting the judge in the judge's official capacity. Since all four factors are met, the court determines that Judge Johnson's actions were "judicial in nature."

Judge Johnson's actions were not taken in the complete absence of jurisdiction. Where a court has "some subject-matter jurisdiction," there is sufficient jurisdiction for immunity purposes. *Id.* This court must consider whether Judge Johnson merely acted in excess of her authority and is protected by judicial immunity or if she acted in clear absence of **all** jurisdiction. *Id.* A trial court judge may order urinalysis of a defendant prior to trial. TEX. CODE CRIM. P. art. 17.44. While plaintiff argues that the detention accompanying her urinalysis continued until after the jury acquitted her, Judge Johnson's order was made before Price was convicted. At the time she entered her order, Judge Johnson had jurisdiction to enter such an order. Accordingly, she had at least "some" jurisdiction, and she is entitled to judicial immunity from the claims asserted against her.

### B. Claims Against the County

#### 1. Tort Action

Price brings a state-law tort claim against Harris County for negligent hiring. However, sovereign immunity has not been waived for claims of negligent hiring, and they are not cognizable against the County. *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009); *Tex. Dept. Of*

*Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).  The Texas Tort Claims Act outlines the only tort remedies available against political subdivisions of the State of Texas pursuant to a waiver of sovereign immunity.  TEX. CIV. PRAC. & REM. CODE §101.001 *et seq*.  The waiver extends to injuries cause by "a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."  *Id.* at §101.021(2).  Negligent hiring is not caused by "a condition or use of tangible personal or real property," so it is not subject to the waiver of immunity provided by the Texas Tort Claims Act, and plaintiff's tort claim must be dismissed.

### 2. Section 1983 Action

Price also alleges a section 1983 claim against the county for unreasonable search and seizure, unreasonable bail, cruel and unusual punishment, and equal protection violations.  A plaintiff in a § 1983 case must allege "a policymaker, an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Monell v. Dep't of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).  Price's claim fails because she has not adequately alleged a policymaker or an official policy.  "A municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker."  *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).  Since Judge Johnson is not a policymaker, her actions cannot constitute official policy, and plaintiff's section 1983 claim must be dismissed.

## IV. Conclusion

Because plaintiff cannot maintain an action against either Judge Johnson or the County, defendants' motion to dismiss is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on October 7, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY